UNITED STATES of America,
Plaintiff–Appellee,

v.

Pedro RAMIREZ–De ROSAS,
Defendant–Appellant.

No. 88–5219.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 1988.

Submission Vacated Sept. 12, 1988.

Resubmitted March 14, 1989.

Memorandum April 14, 1989.

Opinion May 5, 1989.

Michael J. Crowley, San Diego, Cal., for defendant-appellant.

Bruce Castetter, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WRIGHT and POOLE, Circuit Judges, and HUPP,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Appeal from sentence imposed in excess of sentencing commission guidelines. Affirmed.

* Of the Central District of California, sitting by designation.

## BACKGROUND

At approximately 2:30 a.m., February 10, 1988, Ramirez drove a van through the San Clemente checkpoint into the United States. An agent motioned him to stop. Ramirez slowed as if to stop but then accelerated northbound on I–5 away from the checkpoint.

Emergency lights and sirens on, border patrol agents gave chase. Ramirez fled at speeds of 80 to 95 miles per hour. Thirty miles from the border, his attempt to outrun the agents failing, Ramirez left the vehicle. Four undocumented aliens were arrested in the van; another was apprehended after a 200–yard foot chase. An Irvine Police Department canine unit tracked and finally apprehended Ramirez.

Ramirez pleaded guilty to illegal transportation of aliens, 8 U.S.C. § 1324. Judge Enright, departing from federal sentencing guidelines, sentenced him to 30 months in custody, to be followed by two years of supervised release. The maximum sentence provided for by statute is incarceration for five years (60 months). 8 U.S.C. § 1324(a).

### Sentencing Considerations

The guideline sentence for Ramirez's offense is zero to four months. Because of the high speed chase here, the probation office recommended departure from that guideline.

The guideline provides only one "Specific Offense Characteristic" enhancement consideration: recidivism increases the offense by two levels, § 2L1.1(b)(2). It indicates also, however, that "The Commission has not considered offenses involving large numbers of aliens *or dangerous* or inhumane *treatment.* An upward departure should be considered in those circumstances." § 2L1.1 Application Notes (emphasis added).

In pronouncing sentence Judge Enright explained:

Mr. Ramirez, there is so much to be said for you with what your lawyer has said —the fact that you are 20 years old, that you came here to work, that you were driving as part of your compensation. All those things are equities in your behalf; but, let me tell you my view.

If you had pulled over and stopped, Mr. Ramirez, I would be sending you home to Mexico today, no question of that. That's all you had to do; but you didn't do that. They say, in this report, that you got up to speeds of 95 miles an hour, and you went 30 miles in a high-speed chase. You endangered your own life and everybody in that car and everybody trying to use the highways expecting that people would use the highways reasonably.

I know you wanted to support your family. Well, you are a lucky man you are not physically incapacitated as a result of that search or that chase; so, I don't have much sympathy for you, Mr. Ramirez. Maybe God looked down and smiled at you when you weren't maimed or lost an arm or a leg; and certainly, I wouldn't have wanted to be one of your passengers when you were traveling at that speed on the highway. I am going to impose a term of thirty months in your case.

I hope that, if you come back here, you will remember our little talk today because all you had to do, all you had to do was pull over and stop; so, I am going to depart from the guidelines because I don't think the guidelines adequately consider the dangers to all persons of a high-speed chase. This is not a simple transportation of aliens case. It's a case that was fraught with danger for everyone; and the defendant's conduct is the one that occasioned all the dangers. So, I think it's an appropriate case to depart. . . .

Sentencing Transcript at 7–8. Ramirez did not challenge the accuracy of the pre-sentence report.

## ANALYSIS

Our review is limited by statute. 18 U.S.C. § 3742 provides:

(d) *Consideration.*—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is outside the range of the applicable sentencing guideline, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in Chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c).

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.

Ramirez argues that his sentence "was imposed in violation of the law" through "incorrect application of sentencing guidelines," and he claims that if it is not for those reasons erroneous, it is nevertheless "unreasonable." *See id.* He raises in addition fifth and eighth amendment challenges.[1]

### 1. *Illegal and Incorrect Imposition of Sentence*

#### a. *Sentencing Guidelines*

■ Ramirez argues that, because the federal sentencing guidelines do not treat automobile chases as a "Specific Offense Characteristic," trial courts are bound to construe that "ambiguity" in favor of lenity. We disagree. The Guideline Application Notes refer to dangerous treatment of aliens as grounds for an upward adjustment of sentence. Nothing in the record suggests that Judge Enright erred in determining that Ramirez's high-speed chase constituted either such dangerous treatment or alternatively, an aggravating circumstance "of a kind ... that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines".[2] The judge's determination warranted departure from the guidelines. *See United States v. Marco L.,* 868 F.2d 1121, 1124 (9th Cir.1989) ("[A] court, while departing from the Guidelines, would have been justified in sentencing an adult to 30 months [for causing a high speed chase while violating 8 U.S.C. § 1324].").

#### b. *Fifth Amendment*

Ramirez parses *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976) to explain how courts generally should determine what process is due.

*Mathews,* which addressed process due in administrative proceedings, is inapposite. These were criminal proceedings. Ramirez was represented by counsel at his sentencing hearing. Judge Enright considered his argument for leniency but rejected it.

■ He explained the reasons for the 30–month sentence: Ramirez had posed a serious risk to the aliens he was transporting, Border Patrol agents, and others on the freeway; and the judge hoped he would remember his sentence if he ever returned to the United States and would stop next time, instead of trying to flee. The 30–month sentence reflects the seriousness of Ramirez's conduct, the need to deter him and others from such conduct in the future, and the need to protect the public. Judge Enright considered the factors set forth in 18 U.S.C. § 3553(a)(2).[3] Ramirez received the process that was due.

#### c. *Eighth Amendment*

■ Ramirez argues that the sentence he received constitutes cruel and unusual

---

**1.** Although Ramirez does not challenge the constitutionality of the sentencing guidelines, we note that the Supreme Court held recently that they were neither an excessive delegation of legislative power nor a violation of the separation of powers principle. *See Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

**2.** *See* 18 U.S.C. § 3553(b).

**3.** Section 3553 provides in part:

**Imposition of a Sentence**
**(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

**1180**

punishment under the three-part proportionality test developed in *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–11, 77 L.Ed.2d 637 (1983) (comparison of sentence imposed with (1) gravity of offense, (2) sentences imposed on other criminals in same jurisdiction, and (3) sentences imposed on others convicted of same crime in other jurisdictions) (superseded in part by 18 U.S.C. § 3742(d), which changes the standard of review of a district court's sentencing decision from abuse of discretion to clearly erroneous, *see In re Lauer,* 788 F.2d 135, 136 n. 2 (8th Cir.1985)). He emphasizes that his sentence of 30 months is a 650 percent increase over the guideline maximum of four months.

Ramirez's *Solem* argument fails. *See, e.g., Vega–Murillo v. United States,* 264 F.2d 240 (9th Cir.) (similar sentence in same jurisdiction), *cert. denied,* 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959); *United States v. Castillo–Roman,* 774 F.2d 1280 (5th Cir.1985) (lengthier sentence for same crime). Nothing in the record or the briefs suggests that Ramirez has *in fact* been treated in the same manner as, or more severely than, offenders who have committed far more serious crimes. *See Solem,* 463 U.S. at 299, 103 S.Ct. at 3014. Other jurisdictions (states) do not prosecute the crime committed by Ramirez. We reject his suggestion that we liken his offense to reckless driving.

The resort to percentages cuts both ways. In contradistinction to Ramirez's "650 percent," the government notes that Ramirez received only fifty percent of the sentence allowed by statute. *Cf. United States v. Cutler,* 806 F.2d 933, 937 (9th Cir.1986) (sentence less than half the statutory maximum not unconstitutionally severe).

#### 2. *Reasonableness*

■ Ramirez notes that his was a level 4 offense, that he had a criminal history of

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
B. to afford adequate deterrence to criminal conduct;
C. to protect the public from further crimes of the defendant; and

category I, and that his guideline sentence was 0–4 months. He argues further that his sentence of 30 months, for a category I offender, would require a jump of fourteen offense levels. He then urges that his reckless driving of the van should be likened to a robber's brandishment of a deadly weapon, because in each case serious harm was threatened, but did not in fact occur. Observing that robbery accompanied by display of a deadly weapon leads under the guidelines to an increase of just three levels (from level 18 to level 21), he argues that he was "unreasonably" punished with a 14–level jump.

We are persuaded by the government's response:

[That] comparison is hardly appropriate. Brandishing a gun simply makes an already dangerous crime more dangerous. Indeed, the base level for robbery is 18, higher than the level appellant complains Judge Enright assigned to his conduct. Moreover, an increase of three levels in the sentencing table from 18 to 21 [under criminal history category I] can add as much as 19 months to a sentence, whereas an increase from 4 to 7 equals only 7 months at most. By way of contrast to the robbery example, appellant's actions in this case completely changed the character of the crime. His 30–mile, high-speed flight from pursuing officers endangered numerous people. His conduct transformed what is usually a "passive"-type crime into a highly dangerous act. As such, an increase of the guideline sentence from 4 to 30 months was completely reasonable.

### CONCLUSION

We affirm the judgment and sentence.

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.