883 F.2d 1025
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus PEREZ-ORTEGA, Defendant-Appellant.
 
 1
 No. 89-50073.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted June 29, 1989.
Decided Aug. 23, 1989.
 
 3
 Before ALARCON and NELSON, Circuit Judges, and PAUL G. ROSENBLATT,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Jesus Perez-Ortega appeals from the judgment of the district court entered after he pled guilty to transporting illegal aliens in violation of 8 U.S.C. Sec. 1324. Perez-Ortega challenges the imposition of a twenty-seven month sentence, which is a departure from the sentencing guideline range of four to ten months for his offense, and seeks re-sentencing on the following grounds:
 
 
 6
 One. The district court's reliance on a commentary to the Sentencing Guidelines adopted after the date of Perez-Ortega's offense violated the ex post facto clause of the United States Constitution.
 
 
 7
 Two. The district court's reliance on a commentary to the Sentencing Guidelines adopted after the date of the commission of Perez-Ortega's offense violated his due process rights.
 
 
 8
 Three. The district court's reliance on a commentary to the Sentencing Guidelines was improper because a narrow construction of the commentary precludes application of the commentary in the instant matter.
 
 
 9
 Four. The sentence was unreasonable because it was approximately three times greater than the maximum sentence in the applicable Sentencing Guidelines range.
 
 I.
 BACKGROUND
 
 10
 Border Patrol Agent Ralph Boubel (Agent Boubel) testified that at approximately 6:45 a.m. on January 10, 1988, he observed a heavily laden van accelerate rapidly on Highway 74, east of Hemet. Agent Boubel and his partner decided to pursue the van. The agents turned on the emergency red light and the police siren but the van failed to stop. A high-speed chase ensued over a fifteen mile route. Agent Boubel testified that the vehicle was travelling over ninety miles per hour for approximately six to eight miles. The vehicle went through two red lights and crossed over the yellow line in the center of the road.
 
 
 11
 According to Agent Boubel's testimony, the van exited the highway onto a dirt road at approximately forty miles per hour, then some unidentified people left the van as it stopped at a cliff. The van then rolled over the embankment, struck a large rock and landed on its side. Agent Boubel inspected the van and discovered twenty people, including infants, who were later determined to be undocumented immigrants. Nine of these people, including Perez-Ortega, the driver, were taken to the hospital. Several sustained serious injuries.
 
 
 12
 On January 20, 1988, a federal grand jury for the Southern District of California returned a criminal indictment charging Perez-Ortega with two counts of transporting illegal aliens in violation of 8 U.S.C. Sec. 1324. On March 7, 1988, Perez-Ortega entered a guilty plea to Count One of the indictment. On May 16, 1988, a sentencing hearing was held to resolve factual disputes. On May 23, 1988, the district court granted the government's oral motion to dismiss Count Two. Although Perez-Ortega had an offense level of seven and a criminal history category of III resulting in a sentencing guideline range of four to ten months, the district court departed from the guidelines and sentenced Perez-Ortega to twenty-seven months in custody to be followed by two years of supervised release. The district court stated:
 
 
 13
 [T]he guidelines are obviously not proper in this case. To follow the guidelines would be a ridiculous thing for the Court to do and I am going to depart from the guidelines because of the fact that the high-speed chase and the resultant injuries to several people, including at least one confined in the intensive care unit for several days after this accident. They were not referred to by the sentencing commission and I, therefore, find the departure appropriate and the Defendant is sentenced to a time of 27 months.
 
 II.
 DISCUSSION
 A. Commentary Number Eight to Section 2L1.1
 
 14
 Perez-Ortega claims that Commentary Number Eight to section 2L1.1 of the Sentencing Guidelines should not have been used as a basis for departure from the Sentencing Guidelines because it was amended on January 15, 1988, five days after he committed his offense. Perez-Ortega asserts that the district court's application of Commentary Number Eight which states that an upward departure should be considered in circumstances "involving large numbers of aliens or dangerous or inhumane treatment" constitutes (1) an ex post facto violation and (2) a violation of his due process rights. Alternatively, he argues that Commentary Number Eight must be narrowly construed precluding application to the instant matter.
 
 
 15
 Our review of a sentence determined by application of the Sentencing Guidelines or departure from the Sentencing Guidelines is limited by statute. 18 U.S.C. Sec. 3742(e) (1989 Supp.). Section 3742(e) provides:
 
 
 16
 (e) Consideration. Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 17
 (1) was imposed in violation of law;
 
 
 18
 (2) was imposed as a result of an incorrect application of the sentencing guidelines;
 
 
 19
 (3) is outside the applicable guideline range, and is unreasonable, having regard for--
 
 
 20
 (A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and
 
 
 21
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
 
 
 22
 (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.
 
 
 23
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 24
 Perez-Ortega's contentions assume that the district court relied on Commentary Number Eight to section 2L1.1 of the Sentencing Guidelines as a basis for departure from the Sentencing Guidelines. In our review of the record, however, we have found nothing to indicate that the district court relied on Commentary Number Eight as a basis for departure. The district court relied heavily on the presentence report during the sentencing hearing. The presentence report did not refer to or rely upon Commentary Number Eight to section 2L1.1 of the Sentencing Guidelines. The presentence report recommended departure based on section 5K2.0 of the Sentencing Guidelines which is a general policy statement discussing grounds for departure from the Sentencing Guidelines. The presentence report contained the following explanation to justify departure, "[t]he guidelines did not take into consideration the aggravating circumstances of the high speed chase and therefore a departure is believed to be appropriate." The district court never referred to Commentary Number Eight in its determination to depart from the Sentencing Guidelines. The district court's comments mirrored the language and explanation for departure in the presentence report. The district court stated that "the guidelines are obviously not proper in this case." The court reasoned that a high-speed chase resulting in injuries was "not referred to by the sentencing commission and I, therefore, find the departure appropriate."
 
 
 25
 Moreover, in his Memorandum on Sentencing Factors Perez-Ortega requested that the district court disregard Commentary Number Eight to section 2L1.1 as a basis for departure, because reliance upon it would constitute an ex post facto violation. In addition, recognizing that the district court could still depart without reliance on Commentary Number Eight,[1] Perez-Ortega in his memorandum further argued that departure was still inappropriate even without reliance on Commentary Number Eight.
 
 
 26
 A defendant claiming error in the district court must make a record to preserve the alleged error for appeal. After the district court explained the reasons for departure, Perez-Ortega never requested that the district court clarify whether the departure was based on Commentary Number Eight. Moreover, assuming that Perez-Ortega thought that the district court was relying on Commentary Number Eight, Perez-Ortega never requested a ruling from the district court on the ex post facto issue or the request for narrow construction of Commentary Number Eight which he raised in his Sentencing Memorandum. We will not merely assume that the district court relied on Commentary Number Eight and infer error. See Brown v. United States, 610 F.2d 672, 675 (9th Cir.1980) (nothing in the record supported defendant's claim that the district court relied on the defendant's previous juvenile conviction as a basis for the sentence imposed and defendant waived the issue where defendant did not avail himself of the opportunity to challenge the presentence report at the sentencing hearing).
 
 
 27
 Finding nothing in the record to support Perez-Ortega's claim that the district court relied on Commentary Number Eight, we need not address Perez-Ortega's ex post facto and due process claims, or his claim that Commentary Number Eight must be narrowly construed.
 
 B. Reasonableness of the Sentence
 
 28
 Perez-Ortega contends that the imposition of a twenty-seven month sentence was unreasonable because it was almost three times greater than the maximum sentence in the applicable guideline range. Perez-Ortega also asserts that the district court's jump of essentially seven offense levels resulted in a sentence that was higher than sentences for crimes of a more serious nature.
 
 
 29
 We review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion. The district court's findings of historical facts underlying a decision to depart are reviewed for clear error. 18 U.S.C. Sec. 3742(e).
 
 
 30
 In Ramirez-De Rosas, 873 F.2d 1177, 1180 (9th Cir.1989), we rejected a claim that a thirty-month sentence for transportation of illegal aliens was unreasonable. We found that departure from the Sentencing Guidelines resulting in the imposition of a thirty-month sentence was "completely reasonable" when the defendant drove thirty miles in a high-speed chase with five illegal aliens in the van. Id. In reaching this conclusion we found unpersuasive the defendant's argument that the thirty-month sentence was essentially a jump of fourteen offense levels on the Sentencing Guideline table. Id. We found that the defendant had " 'transformed what is usually a 'passive'-type crime into a highly dangerous act.' " Id.
 
 
 31
 In light of our decision in Ramirez-De Rosas, we find that Perez-Ortega's twenty-seven month sentence was reasonable. Not only did Perez-Ortega engage in a high-speed chase like the defendant in Ramirez-De Rosas, but the accident caused by Perez-Ortega's actions resulted in injury to nine of the twenty undocumented immigrants in Perez-Ortega's vehicle. Moreover, Perez-Ortega's contention that the district court essentially increased his offense level by seven levels is unpersuasive. Perez-Ortega's conduct was more egregious than the defendant's in Ramirez-De Rosas and Perez-Ortega's sentence was more lenient than the sentence imposed upon the defendant in that case. The district court's departure from the Sentencing Guidelines was reasonable.
 
 III
 CONCLUSION
 
 32
 We conclude that Perez-Ortega's twenty-seven month sentence was not imposed in violation of the law and is not unreasonable. The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Paul G. Rosenblatt, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time of Perez's offense departure from the Sentencing Guidelines was (and still is) authorized by 18 U.S.C. Sec. 3553(b) which allows a trial court to impose a sentence outside the applicable guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." See also Sentencing Guidelines Sec. 5K2.0, Grounds for Departure, (Policy Statement). Indeed, in section 2L1.1 the Sentencing Commission only provides for a change in the base offense level if the defendant did not commit the offense for profit or if the defendant had previous convictions for a similar offense. Thus, it was apparent that the Sentencing Commission did not consider a high speed chase