UNITED STATES of America,
Plaintiff–Appellee,

v.

Casimiro GOMEZ, Jr.,
Defendant–Appellant.

No. 89–50254.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 1990.*

Decided April 2, 1990.

Debra Kanevsky, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

John R. Kraemer, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before FARRIS, BOOCHEVER and NOONAN, Circuit Judges.

BOOCHEVER, Circuit Judge:

Casimiro Gomez, Jr. appeals the district court's upward departure from the Sentencing Guidelines. We affirm.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## FACTS

In November 1988, Casimiro Gomez, Jr. drove a van to the port of entry at Otay Mesa, California. Customs agents discovered a hidden compartment located behind a false wall in the rear of the van. The compartment was six feet wide, six feet high, and two feet deep. Inside the compartment were eight undocumented El Salvadorans, including a six-year-old child.

Gomez pled guilty to one count of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B) (1988). On April 24, 1989, the district court sentenced Gomez to twenty-four months confinement and three years supervised release.

## DISCUSSION

The base level for Gomez's offense is nine. United States Sentencing Commission, *Guidelines Manual* § 2L1.1(a) (Oct. 15, 1988) (hereinafter Guidelines). Gomez received a two-level reduction for accepting responsibility under *Guidelines* § 3E1.1(a), resulting in a guideline range of one to seven months. Pursuant to the probation officer's recommendation and for reasons the judge specified on the record, the district court departed upward and sentenced Gomez to twenty-four months confinement and three years supervised release.

The district court determined that Gomez's treatment of the aliens he was transporting was dangerous and inhumane. Gomez placed seven adults and one six-year-old child in a sealed compartment measuring six feet wide, six feet high, and two feet deep, located over the van's exhaust system. The judge concluded that "they could have died from carbon monoxide poison" and that Gomez "had to realize that, by putting them in there, he was subjecting them to significant risks, [showing] a callous disregard for the safety of these human beings."

## ANALYSIS

We review in five steps a sentence that departs from the guideline range. *United States v. Lira-Barraza,* 897 F.2d 981, 983 (9th Cir.1990). We determine

(1) whether the district judge adequately identified the "aggravating or mitigating circumstance" . . .;

(2) whether the identified circumstance actually existed;

(3) whether the circumstance was adequately taken into consideration by the Sentencing Commission,

(4) if not, whether the circumstance should result in departure; and,

(5) whether the extent or degree of departure was unreasonable.

*Id.* Our review is de novo in the first and third steps, clearly erroneous in the second step, and steps four and five are reviewed for an abuse of discretion. *Id.* at 983–86.

First, the district judge clearly stated that he departed from the guidelines because Gomez showed a "callous disregard" for the aliens' safety.

Second, there was no dispute about the size of the compartment or the number of people crowded into it. It was not clearly erroneous for the district judge to conclude that the method of transporting the aliens was dangerous and inhumane. The crowding of eight people into such a small, closed compartment over the van's exhaust system certainly constituted endangerment.

Third, the guidelines specifically indicate that the Sentencing Commission did not take into account dangerous or inhumane treatment in setting the offense level for transporting illegal aliens. The Commission, indeed, states that it would be appropriate for an upward departure to be considered in such circumstances. *Guidelines* § 2L1.1, Application Note 8; *United States v. Ramirez–De Rosas,* 873 F.2d 1177, 1178 (9th Cir.1989). The fourth step is also satisfied, as the guidelines specifically recommend departure.

Fifth and finally, the amount of departure was not an abuse of discretion. The guidelines do not provide specific guidance for departure in this case, nor is there a ready analogy to guide the district judge's sentence. *See Guidelines* Ch. 1, Part A, Introduction 4(b) ("[one] kind of departure will remain unguided."). Twenty-four

months is well within the statutory maximum of sixty months. 8 U.S.C. § 1324(a)(1) (1988). Given the circumstances under which Gomez transported his alien passengers, the district court's departure was not unreasonable.

Gomez's sentence is AFFIRMED.