902 F.2d 42
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel YBARRA-BALLESTEROS, Defendant-Appellant.
 No. 89-50094.
 United States Court of Appeals, Ninth Circuit.
 Argued Nov. 1, 1989.
Resubmitted April 20, 1990.
Decided April 30, 1990.
 Before HUG, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, Gabriel Ybarra-Ballesteros, was arrested and convicted for transporting illegal aliens. Ybarra-Ballesteros' Sentencing Guideline range indicated 21-27 months imprisonment. The district judge departed from the Guidelines and sentenced Ybarra-Ballesteros to a term of four years, followed by three years of supervised release. Ybarra-Ballesteros appealed. Appellant contests the basis for the departure and that the addition of the supervised release results in a sentence exceeding the statutory maximum.
 
 
 3
 From the evidence presented at the bench trial, the district judge could properly have concluded the following:
 
 
 4
 On October 20, 1988, a border patrol agent responded to a sensor alert. The agent saw a van leaving the area and attempted to pull the van over for an immigration stop. The van hesitated, and then attempted to ram the patrol car. The van then drove southbound at a high rate of speed, attempting to escape to Mexico. The agent pursued the van. The driver of the van, Ybarra-Ballesteros, abandoned the van and ran south. The agent chased, caught, and handcuffed Ybarra-Ballesteros. Twelve undocumented aliens were found in the van.
 
 
 5
 Ybarra-Ballesteros confessed to the transportation of undocumented aliens after he was placed under arrest. He admitted that he was to receive $500 for driving the van and the illegal aliens to Los Angeles, California. The agent located a list containing the names of the aliens and the amount the aliens were to pay for transportation. Ybarra-Ballesteros acknowledged ownership of this list.
 
 
 6
 The district judge specified the following reasons for departure: the high-speed chase, Ybarra-Ballesteros' prior convictions involving the same type of activity, and his use of aliases so that he could be lost in the system.
 
 
 7
 The district judge held that attempting to ram a border patrol car, engaging in a high-speed chase and abandoning the aliens merited an upward departure.
 
 
 8
 Evidence supported the district judge's finding that the circumstances articulated existed. Ybarra-Ballesteros claimed that he did not try to ram the patrol car, but merely tried to make a sharp U-turn. The patrol officer, however, stated that Ybarra-Ballesteros tried to ram him. 18 U.S.C. Sec. 3742(e) (1988) (we give due deference to the district judge in deciding the credibility of witnesses). With regard to the high-speed chase, Ybarra-Ballesteros admitted driving only 45 miles per hour. Nevertheless, the court found 45 miles per hour to be a particularly high speed on a winding, desert road. Ybarra-Ballesteros does not deny that he abandoned the van and the aliens. We hold that the district judge was not clearly erroneous in finding that Ybarra-Ballesteros drove recklessly.
 
 
 9
 We also find that Ybarra-Ballesteros' reckless driving was not a factor taken into consideration by the Sentencing Commission. Ybarra-Ballesteros attempts to persuade the court that since most illegal alien smuggling cases involve high-speed chases, the offense level implicitly takes into account his reckless driving. Ybarra-Ballesteros failed to support adequately this conclusion and we find his argument unpersuasive. This court has previously held that high-speed chases warrant an upward departure from the Guidelines. United States v. Ramirez-DeRosas, 873 F.2d 1177 (9th Cir.1989); Lira-Barraza, No. 88-5161, slip op. at 2418 (9th Cir. Feb. 28, 1990).
 
 
 10
 Here, the district court departed upwardly by 21 months. In Ramirez-DeRosas, 873 F.2d at 1178, we permitted a departure of 26 months solely on the basis that the individual smuggling aliens was engaged in a high-speed chase. Therefore, we hold that it was not an abuse of discretion for the district court to upwardly depart by 21 months, based on this record.
 
 
 11
 The other reasons given by the district judge were permissible reasons for departure as well. The district judge noted that appellant had a "very significant record, most of it the same kind of activity." The record indicates that appellant had seven convictions and six additional arrests. We have noted that relapse into the same criminal behavior demonstrates the lack of recognition of the gravity of the original wrong and justifies departure. Montenegro-Rojo, No. 89-50134, slip op. at 3705 (9th Cir. Apr. 12, 1990). We have also held that the use of aliases justifies departure. Id. at 3704.
 
 
 12
 Ybarra-Ballesteros contends that 18 U.S.C. Sec. 3583 (1988) provides that supervised release may be imposed as "part of a sentence." Ybarra-Ballesteros argues that this means the period of supervised release, when added to the custodial portion of the sentence, may not exceed the statutory maximum period of incarceration.
 
 
 13
 In Montenegro-Rojo, we encountered the same argument and held that the combined total of the imprisonment and supervised release may exceed the maximum guideline for sentencing. Slip op. at 3714-15.
 
 
 14
 Ybarra-Ballesteros also appeals the denial of his motion for an evidentiary hearing. A district judge's denial of an evidentiary hearing at sentencing is reviewed for an abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1150 (9th Cir.1988), cert. denied, 109 S.Ct. 864 (1989). The Monaco court relied heavily on Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure in reaching its decision. Rule 32(c)(3)(A) states in pertinent part:
 
 
 15
 The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.
 
 
 16
 In addition to Rule 32, the Sentencing Guidelines provide that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. Sec. 6A1.3(a). See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 17
 Here, the district judge had information from both Ybarra-Ballesteros and the border patrol agent prior to imposing the sentence. The district judge was presented with Ybarra-Ballesteros' written objections to the presentence report, as well as the comments of Ybarra-Ballesteros' counsel at sentencing, and Ybarra-Ballesteros' version of the facts as told to the probation officer. Ybarra-Ballesteros admitted both his failure to yield, his U-turn, and reaching speeds of up to 45 miles per hour on a windy road.
 
 
 18
 The district judge also reviewed the presentence report with its description of the offense conduct, as well as the sworn affidavit of the United States Border Patrol Agent submitted in support of the complaint. It is settled that a district court can rely on both the presentence report and affidavits in resolving sentencing disputes, so long as the appellant (or the defendant) is afforded an "opportunity for the submission of oral or written objections before imposition of sentence." U.S.S.G. Sec. 6A1.3(b). The district judge gave Ybarra-Ballesteros a "meaningful opportunity" to be heard. See United States v. Acosta, 895 F.2d 597, 600-01 (9th Cir.1990). Therefore, Ybarra-Ballesteros' request that the court reverse and remand for a further sentencing hearing was properly denied.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3