942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario TORREZ-MARTINEZ, Defendant-Appellant.
 No. 89-50123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1990.
Submission Deferred Aug. 23, 1990.
Resubmitted Aug. 1, 1991.
Decided Aug. 22, 1991.
 
 Before D.W. NELSON, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On March 19, 1988 a border patrol agent noticed a vehicle that appeared heavily laden. Passengers in the back seat tried to conceal themselves. The agent attempted to stop the vehicle but Torrez-Martinez, the driver, refused to pull over. The agent chased the vehicle for approximately fifteen miles, reaching speeds of up to ninety miles per hour during the chase.
 
 
 3
 Torrez-Martinez finally pulled to the side of the road and bailed out of the car before the car stopped. The car continued forward and hit a sheriff's car. Torrez-Martinez resisted arrest by striking officers, who finally subdued and handcuffed him. Torrez-Martinez pled guilty to illegal transportation of aliens, in violation of 8 U.S.C. § 1324(a)(1)(B).
 
 
 4
 In the presentence report, the probation officer found the base offense level under § 2L1.1(a) of the Sentencing Guidelines to be nine and recommended a downward adjustment to seven for acceptance of responsibility. Torrez-Martinez' criminal history category was III. The resulting guideline range was four to ten months. However, the probation officer recommended an upward departure to forty-two months because of Torrez-Martinez' actions in engaging in a high-speed chase, abandoning the rolling car, and using false names and birth dates in past arrests.
 
 
 5
 In June 1988 the district court sentenced Torrez-Martinez to forty-two months in custody and a three-year term of supervised release. The court also imposed a $50 special assessment. On appeal, this court found the Sentencing Guidelines unconstitutional and remanded. The trial court, in light of the United States Supreme Court's decision upholding the Guidelines, reimposed the same sentence in February 1989. Torrez-Martinez appeals.
 
 
 6
 We review departures from the Sentencing Guidelines under a three-step process: (1) whether the district court had legal authority to depart, reviewed de novo; (2) whether the circumstance identified as the basis for the departure was supported by the district court's factual findings, reviewed for clear error; and (3) whether the amount of the departure was unreasonable, which we review "in light of the standards and policies incorporated in the Act and the Guidelines." United States v. Lira-Barrazza, No. 88-5161, slip op. 9025 (9th Cir. July 22, 1991). The government claims Torrez-Martinez waived his right to appeal the court's departure from the Guidelines by not objecting at the sentencing hearing. However, Torrez-Martinez' attorney did object to the upward departure at the first sentencing hearing, arguing vigorously that Torrez-Martinez should not be sentenced to forty-two months. Torrez-Martinez' attorney renewed her objections to the forty-two month sentence at the second hearing. Therefore, Torrez-Martinez did not waive the issues presented on appeal.
 
 
 7
 Torrez-Martinez claims the court's departure to forty-two months was error because it was based on improper considerations and is unreasonable. In this case, the court identified three circumstances as warranting departure. First, it cited the fact that Torrez-Martinez engaged in a high-speed chase for fifteen miles with thirteen illegal aliens in his car, endangering their lives and the lives of other motorists. Second, the court pointed out that Torrez-Martinez bailed out of the car while it was still moving. Third, the court pointed to Torrez-Martinez' use of different names and birth dates when previously arrested.[1]
 
 
 8
 Our first inquiry is whether the district court had legal authority to depart. Here, the court clearly set out its reasons for departure during both of Torrez-Martinez' sentencing hearings.
 
 
 9
 The only question, then, is whether the circumstances relied on by the district court for departure were previously considered by the Sentencing Commission. We have held that a high-speed chase is a circumstance not previously considered by the Commission. United States v. Ramirez de Rosas, 873 F.2d 1177, 1179 (9th Cir.1989). Therefore, the high-speed chase was an appropriate basis for departure.
 
 
 10
 The court also relied on the fact that Torrez-Martinez bailed out of the car while it was still moving, leaving the people in the car to fend for themselves. The car then crashed into a sheriff's car. As we noted in Ramirez, the Sentencing Commission stated that they had not considered "offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." Ramirez, 873 F.2d at 1178 (emphasis in Ramirez added) (quoting application notes). Torrez-Martinez' abandonment of the car, like the high-speed chase, endangered lives and was dangerous. The abandonment of the moving car is a circumstance not taken into account by the Commission.
 
 
 11
 In departing, the district court also cited Torrez-Martinez' use of different names and birth dates when previously arrested. As Torrez-Martinez correctly argues, because the Guidelines already account for a defendant's prior criminal record as part of the defendant's criminal history score, Torrez-Martinez' criminal record cannot be used to depart from the Guidelines. Here, however, the court did not depart because of the prior convictions; rather, the court departed because, as it stated, "there is a lot of truth in what was just said by the government relative to your attitude. [The government had brought up Torrez-Martinez' prior arrests where he used aliases.] Every time you have been in touch with law enforcement in this country, you have given a different name, a different birthdate. I think you are thumbing your nose, frankly, at the system." At the original hearing, the court clearly relied on Torrez-Martinez' use of aliases to depart, not on Torrez-Martinez' prior record. The district court confirmed this reason for departure at the subsequent hearing. We have held that the use of aliases was not taken into account by the Sentencing Commission and is thus a proper grounds for departure. United States v. Rodriguez-Castro, 908 F.2d 438, 442 (9th Cir.1990).
 
 
 12
 We next determine whether the circumstances identified as the basis for the departure were supported by the district court's factual findings. Torrez-Martinez does not dispute that he engaged in the acts relied on by the court in departing. The district court's conclusions that Torrez-Martinez engaged in a high-speed chase, abandoned the vehicle and repeatedly used aliases in the past are not clearly erroneous.
 
 
 13
 Finally, we review the reasonableness of the departure "in light of the standards and policies incorporated in the Act and the Guidelines." Lira-Barrazza, slip op. at 9039. In departing, the district court must state its reasons for extent of the departure. Id. at 9037. The court failed to identify its reasons for sentencing Torrez-Martinez to thirty-two months over the Guideline range. Therefore, although we find the district court justified in its reasons for departure, we remand for the court to state its reasons for the extent of the departure.
 
 
 14
 Torrez-Martinez also argues that, when combined, his term of imprisonment and supervised release cannot lawfully exceed the statutory maximum of five years allowed for a violation of 8 U.S.C. § 1324. This argument was specifically rejected by our recent decision in United States v. Montenegro-Rojo, 908 F.2d 425, 431 (9th Cir.1990).
 
 
 15
 The district court ordered Torrez-Martinez to pay a $50 special assessment. Recently the Supreme Court upheld the constitutionality of this type of special assessment. United States v. Munoz-Flores, 110 S.Ct. 1964 (1990). Therefore, the special assessment is affirmed.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The court also cited defendant's assaulting the arresting officers as a reason for departure. Defendant does not contest the validity of this reason for departure