956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony RAY, Defendant-Appellant,
 No. 91-50132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Ray appeals his sentence imposed following entry of a guilty plea to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a dangerous weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and (d). Ray contends the district court erred by departing upward from the applicable Guidelines sentencing range based on his participation in a high speed automobile chase prior to his arrest. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We have previously held that under the version of the Guidelines in effect at the time Ray committed his offense, participation in a high-speed chase may be a basis for departure from the applicable Guidelines sentencing range. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc); United States v. Ramirez-DeRosas, 873 F.2d 1177, 1179 (9th Cir.1989). In order to evaluate the propriety of the departure, we first review for clear error the district court's factual findings regarding the high speed chase and then for abuse of discretion whether the extent of the departure was reasonable. Lira-Barraza, 941 F.2d at 746-47.
 
 
 4
 Here, the district court found that the high speed chase was dangerous enough to justify a departure. This determination was based upon the evaluation of the high speed chase in the presentence report (PSR) and the arguments of the parties. The PSR noted that although Ray claimed that the chase took place in a sparsely populated commercial area, the chase actually continued into a residential area and terminated there when the intensity of the evasive actions taken by Ray caused his vehicle to suffer one or more tire blowouts. In addition, Ray admitted that speeds during the chase reached approximately 60 miles per hour and that he attempted to take his mask off while driving and this caused him to temporarily lose control of the vehicle. In light of this evidence, we hold that the district court did not clearly err by determining that the high speed chase was excessively dangerous. See Lira-Barraza, 941 F.2d at 747; Ramirez-DeRosas, 873 F.2d at 1179.
 
 
 5
 The district court guided the extent of its departure by analogy to Guidelines § 3C1.2, an amendment to the Guidelines which provides for a two level increase in a defendant's offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2 (1990). The resulting Guidelines sentencing range was the same as if the district court had applied this adjustment and calculated the sentencing range accordingly. Therefore, the extent of the departure was reasonable in light of the Sentencing Commission's determination of the applicable Guidelines range for participation in a high speed chase. See U.S.S.G. § 3C1.2; Lira-Barraza, 941 F.2d at 747.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3