995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro SANTANA-GALLEGOS, Defendant-Appellant.
 No. 90-50592.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 9, 1993.
As Amended June 17, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Santana-Gallegos appeals his 20-month sentence, following a guilty plea, for conspiracy to harbor and transport illegal aliens in violation of 18 U.S.C. § 371 and 8 U.S.C. §§ 1324(a)(1)(B), (C). Santana-Gallegos contends that the district court erred by departing upward from the Guidelines range based upon dangerous and inhumane treatment of illegal aliens. We have jurisdiction under 28 U.S.C. § 1291 and vacate and remand.
 
 
 3
 We use a three prong test to review a district court's decision to depart upward from the Guidelines range: first, we review de novo whether the district court correctly relied upon an unusual or aggravating circumstance not adequately taken into account by the Guidelines; second, we review for clear error any factual findings supporting the existence of the unusual circumstance; and third, we review for abuse of discretion the extent of the upward departure. United States v. Hernandez-Rodriguez, 975 F.2d 622, 625 (9th Cir.1992).
 
 
 4
 * Authority to Depart
 
 
 5
 Here, the district court identified Santana-Gallegos's dangerous and inhumane treatment of illegal aliens as the aggravating circumstance. The Guidelines provide that an upward departure may be warranted in these circumstances. U.S.S.G. § 2L1.1, comment. n. 8; Hernandez-Rodriguez, 975 F.2d at 626. The district court therefore properly identified a basis for departure.
 
 II
 Factual Circumstances
 
 6
 Santana-Gallegos contends that the district court erred by finding that his treatment of the aliens was dangerous or inhumane within the meaning of the Guidelines. We disagree.
 
 
 7
 The presentence report indicates that Santana-Gallegos crowded thirty-five aliens into a van without food or water for a trip between San Diego and Los Angeles, California and that he closed the windows in the van in an effort to punish them after they complained of the heat. We conclude that the district court did not clearly err by determining that this treatment was dangerous and inhumane within the meaning of the Guidelines. See United States v. Gomez, 901 F.2d 728, 729 (9th Cir.1990) (upward departure justified where defendant crowded eight aliens into a small, closed compartment located over the vehicle's exhaust system).
 
 III
 Extent of Departure
 
 8
 Santana-Gallegos also contends that the district court erred by not explaining its reasons for the extent of the upward departure. We agree.
 
 
 9
 Here, based upon a total offense level of 7 and criminal history category of I, Santana-Gallegos's sentencing range was 1 to 7 months. See U.S.S.G. § 5A. The district court departed upward by 13 months, imposing a 20-month sentence. The district court, however, failed to provide any "reasoned explanation" for the extent of the upward departure.
 
 
 10
 Because the district court failed to tie the extent of the departure to the Guidelines, we vacate the sentence and remand the case for resentencing. United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). The district court is instructed to provide "a reasoned explanation ... [for] the extent of the departure founded on the structure, standard and policies of the ... Guidelines." See id.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3