15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Otoniel HERERRA-NUNEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco ELIZALDE-URIQUIZA, Defendant-Appellant.
 No. 93-50127.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1993.
Decided Dec. 23, 1993.
 
 Before: HUG, SCHROEDER, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Otoniel Hererra-Nunez and Francisco Elizalde-Uriquiza appeal the district court's upward departure from the Sentencing Guidelines, pursuant to 18 U.S.C. Sec. 3553(b) (1988), when it sentenced the defendants for conspiracy to transport illegal aliens and aiding and abetting the transportation of illegal aliens. Appellants were found to have transported seventeen aliens in a three and one-half feet by seven and one-half feet hidden compartment of a truck.
 
 
 3
 The district court sentenced Hererra-Nunez to twenty-two months in jail and Elizalde-Uriquiza to twenty-four months. The base offense level for both defendants was nine. The court found that a large number of aliens were transported and that they were transported under dangerous conditions. Therefore, the court departed upward two levels for each of these factors.
 
 
 4
 Appellants contend that it was clearly erroneous for the district court to find that there were a large number of aliens transported and that they were transported under dangerous conditions. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). We reject this argument and affirm.
 
 A. Large Number of Aliens
 
 5
 Upward departures on the basis of large numbers of aliens have been made in cases involving thirty-five to 146 aliens. See United States v. Martinez-Gonzales, 962 F.2d 874 (9th Cir.1992) (two level upward departure was made when 146 aliens were transported); United States v. Lopez-Escobar, 884 F.2d 170 (5th Cir.1989) (court found that thirty-five aliens was a sufficient number to justify departure by a factor of 2.5).
 
 
 6
 The 1992 amendments to the sentencing guidelines suggest a two level upward departure for cases involving the transportation of six to twenty-four aliens. 1992 Amendments at U.S.S.G. Sec. 2L1.1(b)(2). Although these guidelines are not binding in this case, they are instructive as to the reasonableness of the district court's departure.
 
 
 7
 In light of the case law and the subsequent amendments to the Sentencing Guidelines, it was not clear error for the district court to conclude that seventeen was a large number of aliens.
 
 B. Dangerous or Inhumane Conditions
 
 8
 Several cases have addressed whether certain conditions of transportation were so dangerous or inhumane to warrant an upward departure from the guidelines. See e.g. United States v. Lira-Barraza, 897 F.2d 981, 987 (9th Cir.1990) (high speed chase while illegal aliens were in trunk of car was a dangerous condition justifying upward departure), vacated on other grounds by 941 F.2d 745 (9th Cir.1991); United States v. Gomez, 901 F.2d 728, 729 (9th Cir.1990) (putting seven adults and one child in a sealed compartment measuring six feet wide, six feet high and two feet deep that was located over the van's exhaust system subjected them to significant risks and showed a callous disregard for their safety and warranted departure); United States v. Ramirez-De Rosas, 873 F.2d 1177, 1179 (9th Cir.1989) (high speed chase at 85-90 m.p.h. while transporting illegal aliens warranted upward departure for dangerous conditions). See also United States v. Reyes, 927 F.2d 48, 52 (1st Cir.1991) (departure was justified when appellant recklessly endangered the lives of "seventy persons [who] were crowded into an unsafe, thirty-foot, wooden boat for a fifty-mile trip across a treacherous, shark-infested body of water which took two full days"); United States v. Trinidad De La Rosa, 916 F.2d 27, 30 (1st Cir.1990) (court affirmed district court's finding that "54 people crowded into a 34-foot yawl creates a dangerous condition" but reversed district court's upward departure because it found that the defendant was not responsible for the dangerous conditions).
 
 
 9
 In light of these cases, it was not clear error for the district court to conclude that transporting seventeen people in an area that measured three and one-half feet by seven and one-half feet constituted a dangerous condition and warranted an upward departure.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3