UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Xavier RIGBY,
Defendant–Appellant.

No. 89–50264.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1990.

Decided Feb. 14, 1990.

Debra Ann DiIorio, Federal Public Defender, San Diego, Cal., for defendant-appellant.

Roger W. Haines, Asst. U.S. Atty., argued; Judith S. Feigin, Asst. U.S. Atty., on the brief; San Diego, Cal., for plaintiff-appellee.

Before SCHROEDER, FARRIS and NOONAN, Circuit Judges.

SCHROEDER, Circuit Judge:

In this sentencing guidelines appeal, appellant Michael Xavier Rigby asks us to remand for resentencing. Rigby argues that the district court committed errors in rejecting Rigby's contention that he was entitled to a lowered base offense level as a "minor participant" in the offense. *See* Sentencing Guidelines § 3B1.2(b). Rigby maintains that the district court made inadequate findings concerning his role and that there should have been an evidentiary hearing.

Rigby pled guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and to being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). The facts developed at the Rule 11 plea hearing and in the presentence report indisputably establish that Rigby was an illegal alien who was the driver and sole occupant of a vehicle that was stopped by the border patrol at the Temecula checkpoint, and that Rigby was in possession of 173 grams of methamphetamine and a loaded .357 magnum handgun.

In the original presentence report, the Probation Office calculated Rigby's base offense level at 22, after adding two points for possession of a firearm during the commission of a crime and subtracting two points for acceptance of responsibility. *See* Sentencing Guidelines §§ 2D1.1(a)(3), 2D1.-1(b)(1), 3E1.1(a). Because Rigby had no prior criminal record, his criminal history category was I and the applicable guideline sentencing range was 41–51 months. *See* Sentencing Guidelines Sentencing Table, Ch. 5, Pt. A. The Probation Office recommended that Rigby be sentenced to the maximum 51 months.

Prior to sentencing, Rigby filed a "response" to the Probation Office's calculations claiming in relevant part that he was

entitled to a further two point reduction for his minor role in the offense. He invoked the provisions of Sentencing Guidelines § 3B1.2(b) which provides for a decrease in the base offense level by two levels "[i]f the defendant was a minor participant in [the] criminal activity...." Rigby's position in the response was that he was simply a "mule" who had been paid $150 for the trip and was entitled to minor participant status because he was only a small part of a larger drug organization. After Rigby filed his response to the presentence report, the Probation Office filed an "addendum" to the report pointing out that nothing apart from appellant's own statement indicated that he was acting merely as a courier for someone else.

At the sentencing hearing, appellant's counsel asked for a lower guideline range based mainly upon appellant's background and also upon his alleged role as a "mule." Counsel for the government reiterated the position taken in the Probation Office report that nothing apart from appellant's own statement suggested that anyone else was involved. Appellant himself addressed the court and stated that he had read and understood the presentence report. He did not mention any other participants in the criminal activity or characterize himself as a mule or courier.

Before sentencing Rigby, the district court stated that it had read and considered the presentence report, the defendant's response and the addendum, and further stated that "the court finds that the probation report and addendum correctly computes the guideline range ... between 41 and 51 months." The court then pronounced a 42–month sentence followed by three years of supervised release.

■ In this appeal, Rigby's principal position is that the district court should have made more express findings concerning his role in the crime. He first contends that the district court was required as a matter of due process of law to state expressly that the defendant was not merely a courier. We find no merit in that contention. The essential dispute between the parties concerned the appropriate guideline range,

and the district court clearly explained the basis for its ruling, finding that the presentence report and addendum were correct. The appellant was given full opportunity to request a more definitive ruling and did not do so. Indeed, he did not challenge the accuracy of any information in the report, only inferences drawn from it. *See United States v. Barrett,* 890 F.2d 855, 865 (6th Cir.1989) (the extent of defendant's due process right to fair sentencing procedure includes right to be sentenced on the basis of accurate information and therefore defendant must be given an opportunity to rebut any challenged information). *See also United States v. Ramirez–De Rosas,* 873 F.2d 1177, 1179 (9th Cir.1989).

■ Nor is there any merit to the appellant's next contention that the Guidelines themselves require more express findings. The Sentencing Guidelines provide in pertinent part that "when any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." Sentencing Guidelines § 6A1.3(a). The parties in this case were given such an opportunity. The dispute between the parties was clearly set forth in the response and the addendum to the presentence report. We agree with the appellant that the district court should make clear on the record its resolution of all disputed matters, and that specific findings of fact are to be encouraged. *See, e.g., United States v. Sanchez–Lopez,* 879 F.2d 541, 557–58 (9th Cir.1989). In this case, however, the district court clearly stated that it found the position as stated in the Probation Office's addendum to be the correct one. There was no inadequacy of findings. The record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided.

■ For the same reasons, appellant's contention that the provisions of Rule 32 of the Fed.R.Crim.P. were violated is without merit.

■ Rigby also contends for the first time on appeal that due process entitled

him to an evidentiary hearing to determine whether he was a minor participant in the offense. No such hearing was requested and, as indicated above, the district court afforded Rigby every opportunity to present his position to the court. *See* Sentencing Guidelines § 6A1.3(a).

We close with one final caveat. The parties and the district court at sentencing apparently assumed that if the district court had found that the defendant had indeed been a mule or courier for someone else, the defendant may have been entitled to a lower guideline range as a "minor participant" under Sentencing Guidelines § 3B1.2(b). We do not decide that issue. Other circuits have suggested that a defendant convicted of possession of a controlled substance may not be entitled to minor participant status even if it is demonstrated that his role was purely that of a courier. *See, e.g., United States v. Williams,* 890 F.2d 102, 104 (8th Cir.1989) ("a defendant's status as courier does not necessarily mean he is less culpable than other participants in a drug operation") (citing *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir. 1989)). *See also United States v. White,* 875 F.2d 427, 434 (4th Cir.1989); *United States v. Nevarez-Arreola,* 885 F.2d 243, 245 (5th Cir.1989); *United States v. Paz Uribe,* 891 F.2d 396, 399 (1st Cir.1989); *United States v. Ellis,* 890 F.2d 1040, 1041 (8th Cir.1989).

AFFIRMED.