972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Dean HANNAM, Defendant-Appellant.
 No. 91-50816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Douglas Dean Hannam appeals his sentence under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), following entry of a guilty plea, for bank robbery in violation of 18 U.S.C. § 2113(a). Hannam contends that the district court erred by adjusting his base offense level upward by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. He argues that the district court failed to make explicit factual findings to support the upward adjustment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 We review the district court's finding that the defendant obstructed justice for clear error. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.1990).
 
 
 1
 The Guidelines allow a two-level upward adjustment " '[i]f a defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense.' " Id. (quoting U.S.S.G. § 3C1.1). Giving false testimony at a trial may provide a basis for applying this adjustment. Id. at 1369-70. " '[T]he district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged.' " United States v. Rosales, 917 F.2d 1221, 1222 (9th Cir.1990) ("[t]he district court satisfies the above requirement by adopting the conclusions in [presentence report]") (quoting United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) ("district court clearly explained the basis for its ruling, finding that the presentence report and addendum were correct")).
 
 
 2
 Here, it is uncontested that Hannam attempted to exonerate his co-defendant by (1) providing a written declaration clearing his co-defendant of any involvement in the robbery although Hannam had previously told the arresting officers that his co-defendant solicited his participation; and (2) untruthfully testifying at his co-defendant's trial. The presentence report ("PSR") indicated that either the statement to authorities or the declaration was materially false, but did not recommend a two-level enhancement because "neither statement altered the course of the investigation or the prosecution of [co-defendant] Dale Martineau." PSR at 6.
 
 
 3
 At Hannam's sentencing hearing, defense counsel urged the district court to adopt the reasoning of the probation officer as to the obstruction of justice enhancement. The government argued that Hannam should receive the enhancement because his statements to the arresting officers, implicating his co-defendant, conflicted with his testimony at trial, exonerating his co-defendant. Following further legal arguments by both sides, the district court stated:
 
 
 4
 Since the defendant has not objected to the formulation to the sentencing guidelines as proposed by the probation officer, I will adopt that formulation, but with the modification that with respect to 3C1.1 as to obstruction and impeding justice, I do find that there should be a two-point increase in the total offense level....
 
 
 5
 (RT 11/18/91 at 13).
 
 
 6
 Thus, the district court made adequate findings when it adopted the factual findings of the PSR and rejected the recommendation as to the obstruction of justice enhancement. See Rosales, 917 F.2d at 1222; Rigby, 896 F.2d at 394. Hannam did not challenge the factual conclusions in the PSR, only the legal conclusions drawn from it. See Rigby, 896 F.2d at 394. Moreover, he did not request a more definitive ruling in district court. See id. (findings adequate where the "record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided").
 
 
 7
 Therefore, the district court did not clearly err by enhancing Hannam's sentence for obstruction of justice. See Barbosa, 906 F.2d at 1370.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3