985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Levert Leneal SPENCE, Defendant-Appellant.
 No. 92-50385.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Levert Leneal Spence appeals his 70-month sentence imposed after his guilty pleas to being a felon in possession of a firearm and bank robbery in violation of 18 U.S.C. §§ 922(g), 2113(a). Spence contends that the district court erred by failing to make explicit factual findings pursuant to Fed.R.Crim.P. 32(c)(3)(D) regarding his challenge to the accuracy of the presentence report (PSR). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legality of a sentence, United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992), while we review for clear error the district court's underlying factual findings, United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 Under Rule 32, if a defendant disputes factual statements in the PSR, the district court is required to make either "(i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32; accord United States v. Helmy, 951 F.2d 988, 997-98 (9th Cir.1991), cert. denied, 112 S.Ct. 2281 (1992).
 
 
 5
 Here, the PSR contained a recommendation that Spence receive one point based upon his prior misdemeanor conviction for being "under the influence of a controlled substance" in violation of California Health and Safety Code § 11550(a).[1] The PSR indicated that Spence received three years probation and thirty days in the county jail. At sentencing, Spence argued that this prior conviction should not be included in his criminal history score because he did not "recall being sentenced to 30 days to the county jail" (RT 6/2/92 at 5). Following an opportunity for further argument by both sides, the district court ruled that "I'm going to resolve the points against the defendant" (id. at 12).
 
 
 6
 Based on this record, we conclude that district court made a sufficient factual finding in compliance with Rule 32(c)(3)(D). See Helmy, 951 F.2d at 998; see also, United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (district court made sufficient factual findings where it clearly explained the basis of its ruling and gave the defendant an opportunity to rebut the disputed information and/or request a more definitive ruling).
 
 
 7
 Accordingly, the district court did not violate Rule 32 in imposing the sentence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based on an offense level of seven and criminal history category of IV, Spence's applicable Guidelines range was 63 to 78 months. See U.S.S.G. § 5A. The exclusion of the contested prior conviction would have resulted in a criminal history category of III and a Guidelines range of 51 to 63 months. See id