993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Alfredo AGUILAR, Defendant-Appellant.
 No. 92-50588.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Alfredo Aguilar appeals his 41-month sentence imposed after his guilty plea to possession with intent to distribute marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Aguilar contends that the district court erred by (1) denying him a two-level downward adjustment in his offense level for being a minor participant in the offense pursuant to U.S.S.G. § 3B1.2 and (2) failing to resolve disputed factual matters in the presentence report (PSR) as required by Fed.R.Crim.P. 32(c)(3)(D). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the legality of a sentence, United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992), while reviewing for clear error the district court's factual determinations regarding whether a defendant is a minor participant, United States v. Lui, 941 F.2d 844, 848-49 (9th Cir.1991).
 
 
 4
 A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal."[1] U.S.S.G. § 3B1.2, comment. (n. 3). A defendant is not automatically entitled to a reduction for being a minor participant because he is less culpable than a codefendant. United States v. Peters, 962 F.2d 1410, 1415 n. 1 (9th Cir.1992). The district court is not required to accept a defendant's self-serving account of his role in the offense. Lui, 941 F.2d at 849. A minor role adjustment may be denied based upon a defendant's possession of a substantial amount of drugs. Id. Finally, a downward adjustment for minor role in the offense is to be used infrequently. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991).
 
 
 5
 Under Rule 32, if a defendant disputes factual statements in the PSR, the district court is required to make either "(i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32; accord United States v. Helmy, 951 F.2d 988, 997-98 (9th Cir.), cert. denied, 112 S.Ct. 2287 (1992).
 
 
 6
 Here, the district court did not clearly err when it found that Aguilar was not a minor participant in the offense of conviction. On January 29, 1992, Aguilar was arrested at the San Clemente checkpoint following a search of his rental vehicle in which border patrol agents found 63.42 kilograms of marijuana in the trunk and $2,160.33 on his person. Daniel Rochin, the codefendant and driver, was also arrested. Aguilar admitted that (1) he was recruited by Rochin on January 28, 1992, to help pick up the marijuana, (2) he flew with Rochin from Martinez to San Diego where Rochin finalized the drug transaction, (3) he used his credit card to rent the vehicle, and (4) he helped direct the loading of the marijuana.
 
 
 7
 Even if Aguilar was less culpable in the offense than Rochin, that alone does not entitle him to a minor role reduction. See Peters, 962 F.2d at 1415 n. 1; Andrus, 925 F.2d at 338. Moreover, Aguilar discussed the plan with Rochin at least one day in advance, procured the rental vehicle, and helped transport a substantial amount of marijuana. See Lui, 941 F.2d at 848 (no minor role adjustment where twelve kilograms of cocaine was confiscated and only evidence of alleged drug courier role was defendant's self-serving statements); see also United States v. Howard, 894 F.2d 1085, 1088-89 (9th Cir.1990) (no minor role adjustment where defendant in conspiracy to rob a bank discussed plan with organizer and procured getaway plane among other things). The district court properly denied Aguilar a minor role adjustment.
 
 
 8
 To the extent that Aguilar contends that the district court violated Rule 32 by drawing adverse inferences from the facts contained in the PSR, we reject the contention. Rule 32 is not implicated where, as here, a defendant merely challenges inferences drawn from information in the PSR, rather than the accuracy of the information. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have not yet decided whether the defendant's actions are compared to a participant in this particular criminal offense or to an average participant in this type of crime in general. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We need not decide this issue here because the result would be the same under either standard. See Andrus, 925 F.2d at 338