995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adalberto FLORES-VASQUEZ, Defendant-Appellant.
 No. 92-50509.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adalberto Flores-Vasquez appeals his sentence to fifteen months' imprisonment upon his conviction of importation and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 952, 960. The district court determined the base level for Appellant's offense to be 18, based upon a quantity of marijuana greater than 20 kilograms but less than 40 kilograms, under Sentencing Guideline 2D1.1(c)(13). The issue presented is whether the district court erred in finding the quantity of drugs involved in the offense to be nearly 36 kilograms of marijuana, when the government produced only 1.3 kilograms at trial. We review the court's findings of fact at sentencing for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 3
 The evidence introduced at trial as to the quantity of drugs consisted of (1) photographs of packages wrapped in opaque brown paper that were removed from the car Appellant drove across the border, taken at the time of his arrest; (2) testimony from a DEA chemist that she tested approximately 1.3 kilograms of a substance removed from one package, and it was marijuana; (3) testimony from a customs inspector that he field-tested the substance taken from the car after a narcotics detection dog alerted on the car (but no testimony that the test results were in fact positive for marijuana). The presentence report stated that the DEA seized 25 packages of marijuana weighing 35.68 kilograms from two hidden compartments in the car.
 
 
 4
 Appellant claims there was no evidence whatsoever as to the weight of the packages photographed, nor was there evidence that the packages contained marijuana. Absent evidence of the weight or contents of the packages, Appellant claims there is no evidence from which the court could find he possessed more than the 1.3 kilograms of marijuana introduced at trial.
 
 
 5
 Appellant apparently overlooks the presentence report, which the court was entitled to adopt. United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). According to that report, the 25 packages contained marijuana and weighed 35.68 kilograms. In the absence of any evidence to the contrary, the court was entitled to rely on the presentence report to establish the contents and weight of the packages.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3