2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Neal MASTERSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christy Lynn YZAGUIRRE, Defendant-Appellant.
 Nos. 93-30027, 93-30035.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Terry Neal Masterson and Christy Lynn Yzaguirre appeal their sentences under the United States Sentencing Guidelines imposed following their guilty pleas to manufacturing marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). They contend that the district court erred by finding that they were not minor participants in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Masterson contends that he was a minor participant because codefendants Russell Pearson and Barbara Pearson were substantially more culpable. This contention lacks merit.
 
 
 4
 We review for clear error the district court's finding regarding the defendant's role in the offense. United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991). The Guidelines instruct the district court to decrease the offense level by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. Sec. 3B1.2(b). This downward adjustment is to be used infrequently. United States v. Hoac, 990 F.2d 1099, 1106 (9th Cir.1993). "A minor participant means any participant who is less culpable than most other participants," U.S.S.G. Sec. 3B1.2, comment. (n. 3), and "substantially less culpable than the average participant," id., comment. (backg'd).
 
 
 5
 "[T]he district court is not compelled to find that a defendant who is the least culpable in a particular transaction is therefore a minor participant." United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991); see United States v. Andrus, 925 F.2d 335, 338 (9th Cir.) ("It is unclear whether 'average participant' means an average participant in this particular criminal offense or an average participant in this type of crime in general."), cert. denied, 112 S.Ct. 249 (1991); cf. United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992) (in determining whether a defendant is a minimal participant under U.S.S.G. Sec. 3B1.2(a), the relevant comparison "is to the conduct of co-participants in the case at hand"), cert. denied, 113 S.Ct. 1859 (1993).
 
 
 6
 "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of Sec. 1B1.3 (Relevant Conduct), ... and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Ch. 3, Pt. B, intro. comment. Nonetheless, "[i]f a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role ... ordinarily is not warranted." U.S.S.G. Sec. 3B1.2, comment. (n. 4). Thus, for example, a defendant "who is part of a large drug conspiracy but convicted only of possession, should not be rewarded for his participation in the conspiracy by receiving a lighter sentence than one who was convicted of possession but had no connections to a larger scheme." United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991).
 
 
 7
 Here, the Pearsons, who were convicted of conspiracy, set up a marijuana growing operation in the basement of a house they owned. They allowed Masterson and Yzaguierre to live there in exchange for remodeling the house and tending the marijuana plants. The Pearsons trained Masterson and Yzaguirre, provided growing materials, supervised the growing process, and removed the mature marijuana from the house. The Pearsons also set up growing operations at other locations. According to Masterson's presentence report, his plea agreement stipulated that the relevant conduct for purposes of his sentencing included only the marijuana plants seized from the house where he lived.
 
 
 8
 The district court found that Masterson was not a minor participant because "the charge is limited to the grow which he had at the residence in which he lived and without his services working there, there could be no grow." It found that Masterson's comparatively small role in the Pearsons' overall growing operations had been "taken into consideration by limiting the relevant conduct to the property [where he lived]."
 
 
 9
 Because the relevant conduct under U.S.S.G. Sec. 1B1.3 was limited to the growing operation at the house, the district court did not err by failing to take into account the Pearsons' other operations. See U.S.S.G. Ch. 3, Pt. B, intro. comment.; Lillard, 929 F.2d at 503. Masterson played a significant role in the operation at the house; he tended the marijuana plants for three months. Accordingly, the district court did not clearly err by finding that he was not a minor participant. See Flores-Payon, 942 F.2d at 560; Molina, 934 F.2d at 1452.
 
 
 10
 Yzaguirre contends that the district court erred by comparing her conduct only to Masterson's conduct and not to the conduct of others involved in the growing operation at the house. This contention lacks merit.
 
 
 11
 At the sentencing hearing, defense counsel argued that the Pearsons and others were more culpable than Masterson and Yzaguirre, and that Masterson was more culpable than Yzaguirre because he tended the plants more often. The district court already had found that Masterson was not a minor participant. Regarding Yzaguirre, it found as follows:
 
 
 12
 as far as the minor role, it cannot be granted here on the same basis as the codefendant Masterson and that is because I do not compare it with the head of the conspiracy of those who obviously were, but two people who had roles so similar you can't distinguish between the two here.... They resided as protectors without weapons but to make certain that the marijuana plants were planted and if needed, were transplanted and grown and watered; even though it was mechanized, it couldn't have been done without their presence.
 
 
 13
 The district court did not compare Yzaguirre only to Masterson; rather, it found that like Masterson, Yzaguirre was not a minor participant because she protected the house and tended the marijuana plants for three months. Accordingly, Yzaguirre's contention lacks merit. The district court did not clearly err by finding that Yzaguirre was not a minor participant. See Flores-Payon, 942 F.2d at 560; Molina, 934 F.2d at 1452.
 
 
 14
 Yzaguirre also contends that the district court did not make sufficient findings to explain its conclusion that she was not a minor participant. The district court satisfied its obligation to " 'make clear on the record its resolution of all disputed matters.' " Flores-Payon, 942 F.2d at 561 (quoting United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990)). Accordingly, this contention lacks merit.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds these cases suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3