8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. ROSS, Defendant-Appellant.
 No. 93-50177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 6, 1993.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John M. Ross appeals the district court's modification of his terms of probation to include the condition prohibiting him from contacting attorney Joel Estes, whom Ross allegedly had been harassing and threatening in regard to a bankruptcy matter. Ross was originally convicted, following a bench trial, for contempt of court in violation of 18 U.S.C. § 401(3). We affirmed his conviction in a previous unpublished memorandum disposition. Ross contends that the probation condition is impermissibly broad because (1) the district failed to offer an explanation for its ruling and (2) he did not engage in violent behavior against Estes. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "We review conditions of probation for an abuse of discretion." United States v. Clark, 918 F.2d 843, 847 (9th Cir.1990).
 
 
 4
 The district court has broad discretion in setting conditions of probation, including restrictions of fundamental rights in some circumstances. United States v. Terrigno, 838 F.2d 371, 373 (9th Cir.1988). "The restriction on ... [Ross'] association rights is valid if: (1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends." See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 5
 Here, Ross had previously filed a lawsuit against Estes, other attorneys, federal judges and prosecutors, private individuals, a law firm and two bankruptcy estates regarding a bankruptcy matter. The Honorable Justin L. Quackenbush issued an opinion and order dismissing the complaint with prejudice, imposing sanctions and enjoining Ross from, among other things, filing further suits against Estes. Ross' filing of another lawsuit against Estes in 1991 resulted in his current conviction and the imposition of a five-year probation term.
 
 
 6
 In early July 1992, Ross mailed a newspaper article describing the killing of two attorneys and wounding of two judges by a gunman in a Texas courthouse to Estes. Ross stamped his name and address on the article. On July 27, 1992, Ross wrote Estes a letter stating that "you and the legal culture are trying to drive me crazy and to cause me to do something stupid. If I went beserk [sic], you might be dead but the judges involved in the corruption would go free." On July 29, 1992, Ross again wrote Estes a letter stating "[s]peaking frankly, you act dangerously. It may kill you."
 
 
 7
 Based upon the article and letters, the government initially requested that Ross' probation be revoked. Subsequently, at a hearing on the probation violations, the government sought only to modify the probation conditions. After entertaining oral arguments, the district court stated:
 
 
 8
 I'm going to modify and add a term that you're going to have no direct contact with Mr. Estes. That means by person, in phone, or by any letter or mailings to him or any other direct means that you can come up with, nor indirect, meaning to direct other persons to contact him on your behalf with--either by phone or in person or by letters and mailings or whatever, with the exception of legal counsel. Certainly that's fair. That's legitimate, if you have a legal counsel to see him, or an agent of the lawyer.
 
 
 9
 There is no error. The district court did not forbid Ross from contacting Estes; it merely required that he do so through longer be subjected to Ross' threatening communications or the potential danger of physical harm they implied. Furthermore, as the court stated, the condition prevents Ross from filing another lawsuit against Estes and possibly subjecting himself to another charge of contempt of court. Finally, the court stated sufficient reasons for the condition on the record and gave Ross an opportunity to request a more definitive ruling. Nothing more is required. See, e.g., United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992); United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (in sentencing context, district court made sufficient factual findings where it clearly explained the basis for its ruling and gave the defendant an opportunity to rebut the disputed rmation and/or request a more definitive ruling).
 
 
 10
 Thus, we conclude that it was within the district court's broad discretion to impose the condition barring Ross from contacting Estes, except through legal counsel. See Bolinger, 940 F.2d at 480-81; Terrigno, 838 F.2d at 374-75.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3