19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chip Don GOLDEEN, II, Defendant-Appellant.
 Nos. 93-10365, 93-10373.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided March 9, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chip Goldeen, II appeals from the sentence imposed on him following his plea of guilty to multiple counts of bank fraud and making false statements to a bank. We affirm.
 
 
 3
 The district court did not err in applying a leadership enhancement under U.S.S.G. Sec. 3B1.1(a). Goldeen was the leader of an extensive operation. He was the owner of the five businesses used in the check kiting scheme, and the other person criminally involved, Claire Dietz, was his employee. Even though only two people were criminally involved, the scheme utilized the services of numerous innocent people, including employees of the banks that were victimized. A fraud may be considered extensive because of the use of many innocent outsiders. U.S.S.G. Sec. 3B1.1, App. Note 2. Additionally, during the scheme, Goldeen wrote about 36,000 checks worth over $302,000,000. The district court did not err in finding that he was the leader of a criminal activity that was "otherwise extensive."
 
 
 4
 Goldeen also contends the trial court erred in failing to make factual findings to resolve objections he made to the Presentence Report. Goldeen, however, did not object to the findings of the report, only to the conclusions based on those findings. He did not contest that his criminal activity involved more than five participants. He only stated that it involved two criminally responsible parties and was not otherwise extensive. ER at 135; CR 256 at 9-13. This does not raise an issue as to the factual accuracy of the PSR. United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). Furthermore, in sentencing him the district court made a finding that the enterprise was complex, answering Goldeen's objection that the activity was not "otherwise extensive." The district court did not err procedurally in sentencing Goldeen.
 
 
 5
 Finally, Goldeen argues that the trial court engaged in impermissible double counting when it made adjustments for both his leadership of an otherwise extensive activity (U.S.S.G. Sec. 3B1.1(a)) and his participation in an activity requiring more than minimal planning (U.S.S.G. Sec. 2F1.1(b)(2)). This contention lacks merit. United States v. Kelly, 993 F.2d. 702, 705 (9th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3