142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Marco Aurelio WILCHES-TUMBIA, Defendant-Appellant.
 No. 97-50402.
D.C. No. CR-97-00246-HLH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Central District of California, Harry L. Hupp, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marco Aurelio Wilches-Tumbia appeals the 57-month sentence imposed upon his guilty plea conviction for importing heroin in violation of 21 U.S.C. §§ 952, 960. Our review of a district court's finding that a defendant does not qualify for minimal participant status is for clear error, United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), and we affirm.
 
 
 3
 Tumbia contends that he was merely a balloon swallowing courier, and thus entitled to a two-level minor role reduction under U.S.S.G. § 3B1.2(b) or a four-level reduction under U.S.S.G. § 3B1.2(a) for being a minimal participant. This contention lacks merit.
 
 
 4
 This court "has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "Just because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment under section 3B1.2." Id. at 1435. A defendant who acts as a drug courier may be entitled to a minimal role adjustment but such an adjustment is not required. See id. at 1436-37; see also United States v. Rigby, 896 F.2d 392, 395 (9th Cir.1990) (minor participant reduction not required when defendant is a courier).
 
 
 5
 The sentencing guidelines give the district court discretion whether to grant the adjustment, such adjustment is not mandatory. See U.S.S.G. § 3B1.2, Application Note 2. Here, Tumbia did not establish by a preponderance of the evidence that he was merely "recruited as a courier for a single smuggling transaction involving a small amount of drugs." See id. Tumbia admitted swallowing 88 balloons of heroin in order to bring them into the United States. "[W]e have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). Under these circumstances, the district court did not clearly err in denying the sentence reduction. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3