**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4749

BARBARA SULLENS HOWELL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4756

MONTE F. BEAVER,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-95-27)

Submitted: April 28, 1998

Decided: July 29, 1998

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth H. Epple, Jr., Charlotte, North Carolina; A. James Siemens,
Asheville, North Carolina, for Appellants. Mark T. Calloway, United

States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barbara Sullens Howell and Monte Francis Beaver appeal their sentences for conspiring to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C.§ 846 (1994). Finding no merit to their claims, we affirm.

At sentencing Howell moved for a downward departure from the sentencing guidelines based on her family circumstances, medical hardship, and drug rehabilitation. Howell argued that there was legal authority to depart from the guidelines based on drug rehabilitation and that she deserved such a departure. The district court then heard Howell's testimony concerning her rehabilitation. Howell asserts that the district court failed to consider her rehabilitation as a basis for a downward departure because she informed the district court that the law at the time of her sentencing forbade such departures. We have reviewed the record and find that the district court's comments reflect that it considered Howell's rehabilitation as a ground for a downward departure, and thus the issue is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

Beaver challenges his sentence alleging that he truthfully provided the government with all the information he had concerning his charged offense, and thus the district court erred in not granting relief under the safety valve provision of U.S. Sentencing Guidelines Manual § 5C1.2 (1997). See also 18 U.S.C. § 3553(f)(5) (1994). He claims that the government produced no evidence that he withheld information about his association with coconspirator Donald Reyes,

2

and that the district court erred in not making factual findings to support its decision to deny relief under § 5C1.2. Thus he asserts that the record is devoid of evidence supporting the district court's findings, and that the court's failure to expressly state the reasons it denied relief precludes meaningful appellate review.

We disagree. Beaver's claim that the government's argument was premised on nothing more than mere suspicion that he withheld information is unfounded. At sentencing, the government proffered to the court that Agent Steven Brown was prepared to testify that Beaver had withheld information. The record reflects that Agent Brown was available to testify, and Beaver does not allege that the government misrepresented the substance of Agent Brown's proffered testimony. After accepting this proffered testimony, the court provided Beaver with the opportunity to cross-examine Brown and he declined to do so. The district court also took notice that Beaver chose not to testify at Reyes' trial. Finally, Beaver admitted under cross-examination that he had not disclosed the full extent of his involvement with Reyes.[1] Thus, having viewed the record as a whole, it is clear that the district court accepted the government's assessment that Beaver had not provided all the information he had concerning his criminal associations with Reyes. Further, the court's comments adequately reflect what factors it considered in reaching its decision. [2] While it would have been preferable for the district court to articulate the specific evidence it relied upon, a remand is not necessary for the purpose of having the district court make its implicit finding an explicit one. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir. 1990) (noting that district court should make clear on the record its resolution of disputed matters, but finding that case need not be remanded where the record

_____

[1] Despite Beaver's claim that this information was not relevant to the conspiracy and thus he had no obligation to disclose it in order to qualify for relief under § 5C1.2, his admission that he withheld information lends additional support to the government's contention that Beaver was not forthright with the government.

[2] Beaver's reliance on United States v. Real-Hernandez, 90 F.3d 356 (9th Cir. 1996), is misplaced. Unlike the situation in Real-Hernandez, in this case the government told the court what information it believed that Beaver had failed to disclose, and the district court stated in open court its reasons for refusing to apply § 5C1.2.

3

reflects no confusion as to what district court relied upon in reaching its decision).

Beaver also alleges that the government acted improperly in failing to notify him of its intent to object to the application of § 5C1.2. However, at sentencing Beaver did not seek a continuance, and he fails to note how this alleged misconduct prejudiced his ability to obtain a departure under § 5C1.2. Thus his claim provides no basis for relief.

Accordingly, we affirm Beaver and Howell's sentences. We dispense with oral argument because the facts and legal contentions are adequately before the court and argument would not aid the decisional process.

AFFIRMED

4