**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Teresa MARTINEZ, Defendant—**
**Appellant.**

No. 00–30217.

D.C. No. CR–99–00078–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2001.[*]

Decided May 18, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, TROTT, and BERZON, Circuit Judges.

### MEMORANDUM **

Teresa Martinez pled guilty to one count of possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and one count of use of a communication facility to facilitate a drug crime. 21 U.S.C. §§ 843(b), 846, 841(a)(1). She challenges the 72 month sentence imposed by

the district court. We affirm. Because the parties are familiar with the facts and procedural history of this case, we will not recount them here.

■ Ms. Martinez contends that the district court should have granted her a two-level minor role reduction under U.S.S.G. § 3B1.2(b). We review for clear error. *United States v. Benitez,* 34 F.3d 1489, 1497 (9th Cir.1994). A minor role adjustment is warranted "only if the defendant is 'substantially' less culpable than [her] coparticipants." *United States v. Duran,* 189 F.3d 1071, 1089 (9th Cir.1999) (citing *Benitez,* 34 F.3d at 1498); *see also,* U.S.S.G. § 3B1.2, comment (n.3). The burden is on Ms. Martinez to establish that she played only a minor role. *United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990).

■ The district court made factual findings supporting its conclusion that Ms. Martinez played more than just a minor role in this criminal scheme. First, it found that she facilitated the sale of a substantial amount of methamphetamine. *United States v. Lui,* 941 F.2d 844, 849 (9th Cir.1991). Second, it found that she negotiated the charged transaction, received payment and handed over the drugs and thus was integral to its successful completion. *Duran,* 189 F.3d at 1076. Third, substantial evidence demonstrated that Ms. Martinez, together with three codefendants, operated a "semi-independent" sub-distribution network within the larger drug trafficking scheme. "[T]his court has consistently stated that a downward adjustment under § 3B1.2 is to be used infrequently and only in exceptional circumstances." *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994). Based

on the foregoing evidence, this is not one of those exceptional cases.

Accordingly, we AFFIRM the sentence imposed by the district court.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.