**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus TOPETE–HERNANDEZ,
Defendant—Appellant.**

No. 00–50707.

D.C. No. CR–00–00334–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Feb. 6, 2002.

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

## MEMORANDUM [*]

REINHARDT, Circuit Judge.

On direct appeal from his plea of guilty to conspiracy to distribute heroin, Jesus Topete–Hernandez raises several challenges to his sentence. The district court sentenced Topete–Hernandez to a sentence of 108 months for violation of 21 U.S.C. §§ 846, 841(a)(1). The Pre–Sentence Report (PSR) calculated the sentence according to the U.S. Sentencing Guidelines, using a base offense level of 32 (based on the amount of drugs involved in the offense and in "relevant conduct"), adding two levels for the possession of a weapon during the offense, and subtracting three levels for early acceptance of responsibility. The district court accepted the PSR's calculations and sentenced Topete–Hernandez based on a total offense level of 31 and a criminal history category of Level I.

Topete–Hernandez first argues that the district court failed to make sufficient factual findings justifying the inclusion of certain drug transactions as "relevant conduct" under § 1B1.3(a)(2) and the specific offense enhancement for the possession of a gun under § 2D1.1(b)(1). Although the district court did not explicitly state its factual findings on the record, it is sufficient for a court to adopt the factual findings of the PSR. *See United States v. Naranjo,* 52 F.3d 245, 249 (9th Cir.1995); *United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990). Here, the Probation Office also filed an "Addendum" which, along with the PSR, addressed Topete–Hernandez's disagreements with the report's conclusions and provided additional reasons for the recommended sentencing calculations. It was therefore sufficient for the district court to state that it had heard the arguments by the parties, read the relevant papers, and adopted the calculations contained in the PSR. *See Rigby,* 896 F.2d at 394.

■ Second, Topete–Hernandez challenges the district court's consideration of the pre-conspiracy drug transactions as "relevant conduct" for purposes of his sentencing. We review a district court's calculation of "relevant conduct" for clear error. *United States v. Motz,* 936 F.2d 1021, 1026 (9th Cir.1991). In this case, the Addendum to the PSR stated that the pre-conspiracy drug transactions were part of "the same course of conduct or common scheme or plan" because the defendant negotiated the price and purity of the heroin in all three transactions, which all occurred within a relatively brief period of time. We do not find the reasoning in the PSR or the district court's adoption of it to be clearly erroneous.

■ Topete–Hernandez next challenges the district court's enhancement of the base offense level due to the possession of a weapon during the offense. We review for clear error the application of a sentencing enhancement for possession of a weapon in connection with a conspiracy. *See United States v. Cazares,* 121 F.3d 1241, 1244 (9th Cir.1997). Here, the PSR noted the governing standards for this enhancement and stated that under circuit precedent, if the gun was in close proximity and readily accessible, the enhancement was appropriate even though the gun was not loaded. *See United States v. Lopez–Sandoval,* 146 F.3d 712, 715–16 (9th Cir.1998). In addition, it was "reasonably foreseeable" that one of Topete–Hernandez's co-conspirators would possess a weapon. Therefore, the district court's application

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of this enhancement was not clear error. *See United States v. Garcia,* 909 F.2d 1346, 1349–50 (9th Cir.1990); § 1B1.3(a)(1), cmt. n. 2.

█ Finally, Topete–Hernandez argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), mandates that his sentence be vacated. Contrary to his assertion, any error that occurred with respect to the judge's determination of drug quantity failed to affect Topete–Hernandez's "substantial rights."[1] Topete–Hernandez did not contest that he was responsible for 986.2 grams of heroin, the amount sold in the transaction underlying the conspiracy offense. The statutory sentencing range for this amount is five to forty years. *See* 21 U.S.C. § 841(b)(1)(B). Topete–Hernandez was sentenced to 108 months (9 years). Because the quantity of 986.2 grams was not disputed and Topete–Hernandez was sentenced below the statutory maximum for this amount, *Apprendi* does not require reversal.[2]

AFFIRMED.

---

1. Because Topete–Hernandez raised this claim for the first time on appeal, the sentence must be reviewed for plain error. *See United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir.2000). To warrant reversal, the defendant must show that there was "error," that such error was "plain," and that it affected the defendant's "substantial rights." *Id.*

2. Similarly, Topete–Hernandez's challenge to his five-year term of supervised release is unavailing. 21 U.S.C. § 841(b)(1)(B) provides for a mandatory minimum of four years, and §§ 5D1.2(b) of the Guidelines provides for a four or five-year term.