**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramiro AYALA, Defendant–Appellant.**

No. 99–50788.

D.C. No. CR–97–01233–JSL–3.

United States Court of Appeals,
Ninth Circuit.

---

Submitted March 11, 2002 *.

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM**

Ramiro Ayala appeals his 292–month sentence, imposed after pleading guilty to a controlled substance offense under 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, 18 U.S.C. § 3742, and we affirm.

Ayala first contends that the district court erred by imposing an enhancement under U.S.S.G. § 2D1.1(b)(1) based on possession of a dangerous weapon. We find this contention unpersuasive. The district court did not clearly err in its determination that a firearm was in close proximity and readily available to Ayala in a house that served as a methamphetamine laboratory, in which all inhabitants were named as co-defendants in this conspiracy. *See United States v. Lopez–Sandoval,* 146 F.3d 712, 715–16 (9th Cir.1998) (finding enhancement appropriate unless it is "clearly improbable" that weapon was connected to drug conspiracy).

Ayala next challenges the district court's determination that an enhancement was warranted under U.S.S.G. § 3B1.1(b)

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

based on his supervisory role in the offense. We find this contention equally unavailing, because the district court did not clearly err by concluding that Ayala organized his co-defendants for the purpose of carrying out this methamphetamine production operation. *See United States v. Hoac*, 990 F.2d 1099, 1110 (9th Cir.1993) (requiring that defendant exercise control over others involved in commission of offense, or that he be responsible for organizing others for purpose of carrying out offense).

Finally, Ayala contends that because he objected to the factual findings in the presentence report ("PSR"), the district court was required to "make either a finding on the allegation or a determination that no finding is necessary" regarding the disputed fact. *See* Fed.R.Crim.P. 32(c)(1). Based upon our de novo review of the record, *see United States v. Tam*, 240 F.3d 797, 803 (9th Cir.2001), we conclude that the district court satisfied the substantive requirements of Rule 32 by relying on the findings contained in the PSR. *See id.* at 803–04; *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990) (concluding that it is sufficient that district court state that it had heard parties' arguments, read relevant papers, and adopted calculations contained in PSR). Because Rule 32(c)(1) also requires that a written record of these findings be appended to any copy of the PSR made available to the Bureau of Prisons, we instruct the district court to transmit to the Bureau of Prisons a copy of the PSR with a copy of the sentencing transcript attached, if it has not already done so. *See Tam*, 240 F.3d at 803 (requiring strict compliance with Rule 32(c)(1)).

AFFIRMED.