**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Guadalupe Rosibel VENTURA,
Defendant—Appellee.**

No. 05–50281.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2006.

Decided Jan. 24, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

---

Michael J. Raphael, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellant.

Michael J. Treman, Attorney at Law, Santa Barbara, CA, for Defendant—Appellee.

Before: SCHROEDER, Chief Judge, FRIEDMAN * and FISHER, Circuit Judges.

<hr/>

\* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

## MEMORANDUM **

The United States appeals the district court's sentence of Guadalupe Ventura claiming that the district court failed to comply with Fed.R.Crim.P. 32(i)(3)(B) by not resolving factual disputes regarding the Presentence Report (PSR) relevant to determining the accurate Sentencing Guideline range. In the alternative, the government argues that the imposed sentence was unreasonable because it departed from the calculation of the Guideline range without explanation.

Ventura pled guilty to possessing stolen mail in violation of 18 U.S.C. § 1708. The PSR did not recommend an enhancement for amount of loss. Combined with a recommended Criminal History category of III, therefore, the PSR recommended a Guideline range of 10 to 16 months. The defendant objected to the Criminal History category of III and argued that the court should find a Criminal History category of II based on the relatedness of her prior convictions. Furthermore, the government objected to the Probation Office's failure to recommend an offense level increase for amount of loss. According to the government, therefore, the accurate Guideline range was 57 to 71 months.

At the sentencing hearing, the district court found a Criminal History category of II and rejected the government's arguments for a loss enhancement. In light of the PSR's recommended sentence, the court determined that the Guideline range was 8 to 14 months. The district court ultimately imposed a sentence of 12 months and a day. The district court also acknowledged that the Guidelines were now only advisory.

<hr/>

A court must determine and consult the Guideline range when sentencing a defendant. *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005); 18 U.S.C. §§ 3553(a)(4), (5). When a party disputes or objects to a portion of the PSR, "the district court remains obligated to resolve the dispute before exercising its sentencing discretion under *Booker*." *United States v. Ameline*, 409 F.3d 1073, 1086 (2005) (en banc).

The purpose of Rule 32 is to assure an appellate court that the district court actually understood which issues were before it. *See United States v. Houston*, 217 F.3d 1204, 1208 (9th Cir.2000). In *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990), this court held that a district court need not make express findings concerning the disputed facts. We held that a district court has properly resolved disputed facts if it recognized the disputed facts, gave the parties an adequate opportunity to present information to the court regarding the facts, and ultimately stated that it found one position to be the correct one. *Id.* More express findings of fact are not required especially when the unsatisfied party "was given full opportunity to request a more definitive ruling and did not do so." *Id.*

Consistent with this court's holdings in *Houston* and *Rigby*, the district court in this case was aware that there were disputed issues regarding the PSR. The court heard argument from both parties on the disputed issues and it ultimately found a Criminal History category of II, indicating that the PSR overstated Ventura's criminal history, and rejected the government's calculation for amount of loss. Moreover, the government did not request a more specific finding as to the dollar amount for the loss amount. The district court findings were sufficient to resolve the dispute.

The district court resolved the objections regarding the PSR before determining the applicable Guideline range. We conclude that the district court did not materially err in calculating the applicable Guideline range and that it imposed a sentence in accordance with this range and in reliance on the 18 U.S.C. § 3553(a) factors. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). The sentence imposed was not unreasonable.

**AFFIRMED.**