**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50407 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02731-H-3 |
| v. | |
| SHABAB KARIMI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted March 8, 2018
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

Karimi challenges the 36-month sentence imposed by the district court for his conviction for conspiring to manufacture and possess with intent to distribute anabolic steroids.  We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

U.S.C. § 1291, and we affirm.

1.      On a *de novo* review of the sentencing transcript, it is clear the district court complied with Federal Rule of Criminal Procedure 32(i)(3)(B). *See United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017) ("We review de novo whether a district court complied with Rule 32 of the Federal Rules of Criminal Procedure in making its determinations at sentencing."). The district court addressed Karimi's objections to the presentence report ("PSR") one-by-one and made explicit factual findings as to each. The district court specifically addressed Karimi's objection to a base offense level of 16 based on the scope of his involvement in the conspiracy. Based on the evidence presented at trial, the district court agreed with the government's position that the scope of Karimi's involvement in the conspiracy supported using the higher quantity of drugs. The district court explicitly resolved each of Kirimi's objections and factual disputes, and Rule 32 requires nothing more. *See United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007) ([Rule 32] is complied with where the district court expressly adopts the position of either party to the dispute."); *United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995) ("Although the district court's findings under Rule 32[] must be 'express,' they need only state the court's resolution of the disputed issues."); *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990) ("The dispute between the parties was clearly set forth . . . . [T]he district court clearly stated that it found the position as

stated in the Probation Office's addendum to be the correct one. There was no inadequacy of findings. The record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided.").

Notably, Kirimi did not dispute that between 20,000 and 40,000 units of steroids were the subject of the conspiracy. Thus, since the amount of steroids attributed to the conspiracy was not in dispute, no additional factual findings were required by Rule 32 regarding the quantity for the base offense level. *See United States v. Ingham*, 486 F.3d 1068, 1075–76 (9th Cir. 2007) (finding no violation of Rule 32 where "[t]he district court rested [its] conclusions on the undisputed factual basis of the conspiracy recited in the PSR"); *United States v. Carter*, 219 F.3d 863, 867–68 (9th Cir. 2000) ("If the factual statements in the PSR [are] uncontested, those facts [are] adequate to support [a guideline finding].").

2.      The district court properly considered all of Karimi's relevant conduct when determining the base offense level. Karimi admitted to helping with the steroid manufacturing process for the broader conspiracy, including by transferring steroids into vials and labeling them. There was also evidence that Karimi carried manufacturing equipment into his apartment, that such equipment was stored at Karimi's apartment, and that steroids were taken to the post office directly from Karimi's apartment. Thus, the district court was entitled to find that all of the drugs that were manufactured and distributed while Karimi was involved in the

conspiracy were within the scope of, in furtherance of, and reasonably foreseeable in connection with the criminal activity Karimi jointly undertook with his co-conspirators. *See* U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) & app. n.3(D); *United States v. Gadson*, 763 F.3d 1189, 1220 (9th Cir. 2014) (holding no error as to relevant conduct where there were "detailed factual recitations connecting [the defendant] to the drugs at issue and establishing that they were part of the conspiracy"); *see also United States v. Newland*, 116 F.3d 400, 403 (9th Cir. 1997).

**AFFIRMED.**