129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of AMERICA, Plaintiff-Appellee,
v.
Alberto FRIAS, Defendant-Appellant.
 No. 97-50242.
 United States Court of Appeals,
Ninth Circuit.
 Submitted** October 9, 1997.
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Alberto Frias ("Frias") appeals his sentence for the unlawful importation of marijuana, In violation of 21 U.S.C. §§ 952 & 960. Because the parties are familiar with the facts, we will not recite them here.
 
 
 3
 The issues to be addressed on appeal are: (1) whether the district court violated appellant's due process rights by failing to make an explicit factual determination regarding appellant's "mitigating role" when it rendered his sentence; and (2) whether the district court erred by denying appellant's request for a downward departure as a minimal participant: under U.S.S.G. § 3B1.2.
 
 DISCUSSION
 A. The Due Process Claim
 
 4
 We review the constitutionality of a sentence imposed under the Sentencing Guidelines de novo. See United States v. Estrada-Plata, 57 F.3d 757, 762 (9th Cir.1995).
 
 
 5
 Frias contends that the district court violated his due process rights by failing to make express factual findings concerning his relative culpability, as an individual,[1] for his role in the unlawful importation of approximately seventy-nine pounds of marijuana. We disagree.
 
 
 6
 Due process does not require a district court to make express factual findings concerning a defendant's relative culpability for his role in a crime. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir1990) (affirming defendant's sentence and finding no inadequacy in the district court's factual findings where the district court clearly stated that the presentence report was correct); see also United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994) (stating that the district court had no duty to make an express factual finding regarding a defendant's relative culpability).
 
 
 7
 While a district. court is encouraged to make express its findings of fact, Rigby, 896 F.2d at 394, we have consistently held that a district court is only required to provide a defendant with a full opportunity to present his position, and to make its resolution of disputed matters clear. See United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir.1991) (affirming defendant's sentence where defendant had a full opportunity to present his position, and where district court clearly resolved the disputed issues).
 
 
 8
 When determining a mitigating role adjustment entitlement, the core issue is not whether a defendant was a drug courier; but rather whether the defendant is substantially less culpable than his co-conspirators." United States v. Rossy, 953 F.2d 321, 326 (7th Cir.1992) (citation and emphasis omittedOE; accord United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). One important factor that may determine the relative culpability of a defendant is the importance of the defendant's actions to the success of the venture. See United States v. Garcia, 920 F.2d 153, 155 (2d Cir.1990) (stating that "[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds.").
 
 
 9
 In the present case, the district court addressed Frias's relative culpability, as an individual, in his role in the unlawful importation of marijuana by explaining his importance to the success of the criminal venture.
 
 
 10
 The person who brings drugs] across the border, assuming the position of highest risk in the drug conspiracy, is hardly a minor participant in ... a drug conspiracy and a drug trafficking syndicate. This, the type of person who brings [drugs] across the border in terms of importance to the syndicate is certainly not a minor participant, he's a very very major participant.... The role in the offene of this defendant is not a minor role. It's certainly not a minimal role.... Under the facts of this case he is no more than a minor role, if he's anything.
 
 
 11
 Transcript of Sentencing, at 18-19.
 
 
 12
 Moreover, the district court's substantive adoption of the comprehensive and well-reasoned presentence report recommendation provides sufficient notice of the district court's determination regarding Frias's relative culpability.
 
 
 13
 More importantly, the district court clearly resolved Frias's culpability when it ruled that Frias qualified as a minor but "certainly not a minimal" participant in the unlawful importation of marijuana. Transcript of Sentencing, at 18-19. Before coming to this decision, the district court reviewed the presentence report, the defendant's request for a downward departure, the Government's sentencing memorandum in opposition to defendant's request for a downward departure, and heard oral arguments from both parties regarding defendant's possible mitigating role and departure for aberrant behavior. See Transcript of Sentencing, at 11-18. In short, the record shows that the district court provided Frias a full opportunity to present his position, both orally and in we hold Frias was not deprived due process of law.
 
 B. The Error in Sentencing Claim
 
 14
 "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." United Stores v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). We review the district court's interpretation and application of the Sentencing Guidelines, however, de novo. See United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Davis, 36 F.3d at 1436.
 
 
 15
 Frias argues that the district court erred by denying his request for a downward role adjustment as a minimal participant. He contends that he was solely a courier because he was not involved in the distribution of marijuana and was not aware of the scope of the drug trafficking enterprise. Frias asserts that he is therefore entitled to a minimal role reduction under U.S.S.G. § 3B1.2. We disagree.
 
 
 16
 That a defendant acted as a drug courier does not necessarily mean his role was minimal or minor. See Davis, 36 F.3d at 1436. Rather, the core issue is the defendant's relative culpability. See United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Davis, 36 F.3d at 1436.
 
 
 17
 AppLication Note 2 of U.S.S. (,. § 3B1.2 states:
 
 
 18
 It is intended that the: downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, ... in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.
 
 
 19
 U.S. Sentencing Guidelines Manual § 3B1.2, cmt. note 2 (1995).
 
 
 20
 "In prior decisions, we have denied downward adjustments to defendants who were couriers where some additional factor showing that they were not a minor or minimal participant existed." Davis, 36 F.3d at 1436-37 (denying a mitigating role adjustment request where defendant knew he was carrying drugs and was prepared to accept $6,400.00 in compensation); see also United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (denying a mitigating role adjustment requested where defendant transported a large amount of drugs); United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990) (denying a mitigating role adjustment request where defendant knew he was transporting drugs and received money in return, demonstrating that he was trusted with responsibility).
 
 
 21
 In the present case, the district court did not err in denying Frias's request for a roll adjustment as a minimal participant. Additional factors exist to show that Frias was not solely a courier. The record shows that Frias knew he was importing illegal drugs and was prepared to accept money in return.
 
 
 22
 Moreover, the record shows that Frias imported seventy-nine pounds of marijuana. Seventy-nine pounds of marijuana is not a "small amount of drugs." Therefore Application Note 2 under U.S.S.G. § 3B1.2 is not applicable in this case. We also agree with the district court that Frias's role in the criminal venture was very important to its accomplishment and that such a factor weighs heavily against a finding of minimal participation.
 
 
 23
 Frias did not provide sufficient evidence to prove that he was the least culpable of his co-conspirrators. We find reasonable the district court's factual findings that Frias is "a man of discretion and age," who "made a conscious decision to engage in an activity which he knew" was illegal. Transcript of Sentencing, at 19.
 
 
 24
 In short, because additional factors exist to show Frias was not solely a courier and because Frias fails to prove by a preponderance of the evidence that he is entitled to a minimal role adjustment, we hold that: the district court did not clearly err when it denied Frias's request for a downward adjustment under section 3B1.2.
 
 
 25
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral arguments, Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36--3
 
 
 [1]
 Frias contends that the district court sentenced him based on the relative culpability of drug couriers in general, rather than his relative culpability as an individual in his particular case